IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHNNY JACKSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WALGREEN OSHKOSH, INC., )<br>and ZURICH AMERICAN )<br>INSURANCE COMPANY, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>FILE NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Johnny Jackson, and makes and files this Complaint against Defendant Walgreen Oshkosh, Inc., and Zurich American Insurance Company, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Johnny Jackson (hereinafter "Plaintiff"), resides at 709 West Town Avenue, Cordele, Crisp County, Georgia, 31015, is a resident and citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

1

2.

Defendant Walgreen Oshkosh, Inc. (hereinafter Defendant "Walgreen"), is a foreign profit corporation existing under the laws of the State of Wisconsin, with its principal office address in Illinois, is authorized to transact business in the State of Georgia, and is subject to the jurisdiction of this Court. Defendant Walgreen may be served by delivering a copy of the summons and Complaint on its registered agent for service, Corporation Service Company, 40 Technology Parkway South, No. 300, Norcross, Gwinnett County, Georgia, 30092.

3.

Defendant Zurich American Insurance Company (hereinafter Defendant "Zurich"), is a foreign insurance company existing under the laws of the State of New York, with its principal office address in Illinois, is authorized to transact business in the State of Georgia, and is subject to the jurisdiction of this Court. Defendant Zurich may be served by delivering a copy of the summons and Complaint on its registered agent for service, Corporation Service Company, 40 Technology Parkway South, No. 300, Norcross, Gwinnett County, Georgia, 30092.

4.

Complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

5.

Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

GENERAL ALLEGATIONS OF FACT

6.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 5 above as if they were fully restated.

7.

On or around May 25, 2018, Plaintiff was driving a tractor-trailer westbound in the right lane of Interstate 70 in Boone County, Missouri.

8.

At the same time, Douglas Parkhurst, who was also driving a tractor-trailer, was also travelling westbound in the right lane of Interstate 70 and was immediately behind Plaintiff.

9.

When Plaintiff's vehicle began to slow Douglas Parkhurst's tractor-trailer struck the rear of the trailer on Plaintiff's vehicle.

10.

As a result of the collision, Plaintiff suffered serious physical injuries.

11.

At all times relevant to this Complaint, Douglas Parkhurst was an agent and/or employee of Defendant Walgreen.

12.

At all times relevant to this Complaint, Douglas Parkhurst was acting under the course and scope of his employment with Defendant Walgreen.

13.

At all times relevant to this Complaint the tractor-trailer Douglas Parkhurst was operating was owned and/or controlled by Defendant Walgreen.

14.

At all times relevant to this Complaint, the tractor-trailer Douglas Parkhurst was operating was used to move goods for profit and Defendant Walgreen was engaged in the transportation of property as a common or contract carrier.

15.

At all times relevant to this Complaint, Defendant Zurich was the insurance carrier for Defendant Walgreen.

16.

As a proximate and foreseeable result of the aforementioned accident, Plaintiff sustained serious injuries.

17.

The aforementioned accident was directly and proximately caused by the negligence of Douglas Parkhurst and Defendant Walgreen.

COUNT 1: NEGLIGENCE

18.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if they were fully restated.

19.

At all times relevant to this Complaint, Douglas Parkhurst had a duty to exercise ordinary care by operating his tractor-trailer in a reasonable and prudent fashion.

20.

On May 25, 2018, Douglas Parkhurst breached the aforementioned duty and was negligent by:

    a) Following too closely;

    b) Failing to keep a proper lookout;

c) Failing to make a timely and proper application of his brakes;

d) Failing to sound or signal a warning; and

e) Failing to exercise due care.

## COUNT II: VICARIOUS LIABILITY OF DEFENDANT WALGREEN

21.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if they were fully restated.

22.

At all times relevant to this Complaint, Douglas Parkhurst was the employee and/or agent of Defendant Walgreen.

23.

At all times relevant to this Complaint, Douglas Parkhurst was acting within the scope of his employment or agency relationship with Defendant Walgreen.

24.

Defendant Walgreen is liable to Plaintiff for all damages sustained as a result of the negligence of Defendant Heard under the theory of *respondeat superior*.

## COUNT III: NEGLIGENCE OF DEFENDANT WALGREEN

25.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if they were fully restated.

26.

Under Federal and State law, Defendant Walgreen is required to investigate into the knowledge, experience, and past safety record of all of its employees whom operate motor vehicles as employees and/or agents of Defendant Walgreen.

27.

Defendant Walgreen negligently failed to follow the Federal and State regulations regarding the hiring and retention of employee and/or agent Douglas Parkhurst.

28.

Further, Defendant Walgreen had actual knowledge that Douglas Parkhurst lacked the ability to safely operate a tow truck on or before May 25, 2018.

29.

As a result of the aforementioned knowledge, Defendant Walgreen had a duty not to entrust a tractor-trailer to Douglas Parkhurst.

30.

On or before May 18, 2018, Defendant Walgreen breached the aforementioned duty by entrusting the tractor-trailer to Douglas Parkhurst.

COUNT IV: LIABILITY OF DEFENDANT ZURICH

31.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if they were fully restated.

32.

Defendant Walgreen was, at all times relevant to this Complaint, a common or contract carrier under Federal Law and Georgia Law.

33.

Defendant Zurich was, at all times relevant to this Complaint, the insurance provider for Defendant Walgreen.

34.

As the insurance provider for Defendant All Georgia, Defendant EMC is directly actionable by Plaintiff for the damages Plaintiff sustained in the incident that gives rise to this Complaint.

## DAMAGES OF PLAINTIFF

35.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if they were fully restated.

36.

As a direct and proximate result of the negligence of Douglas Parkhurst and Defendant Walgreen, Plaintiff sustained personal injuries that required medical treatment and resulted in necessary medical expenses in excess of $75,000.00

37.

Further, and as a direct and proximate result of the negligence of Douglas Parkhurst and Defendant Walgreen, Plaintiff suffered lost wages in excess of $1.00.

38.

Plaintiff also shows that, as a direct and proximate result of the injuries directly and proximately caused by the negligence of Douglas Parkhurst and Defendant Walgreen, Plaintiff has experienced pain and suffering and a great limitation of movement, and, so far as he now knows, he will always suffer from said injuries.

40.

The Plaintiff is entitled to recover damages from the Defendant necessary expenses incurred pursuant to O.C.G.A. § 51-12-7.

41.

Plaintiff is entitled to recover from Defendant special damages for medical expenses to the extent permitted by law, all of which will be specifically pled by an appropriate amendment to this Complaint.

42.

In addition to the aforementioned damages, Plaintiff has suffered and will incur the following damages:

   a) Mental anguish;

   b) Loss of capacity for the enjoyment of life;

   c) Incidental expenses;

   d) Travel expenses for seeking medical treatment;

   e) Permanent injury.

44.

**WHEREFORE**, Plaintiff prays:

   a) That he have a trial by a jury;

   b) That summons be issued as required by law;

c) That he have a judgment against Defendants for the amount of his medical expenses to date, and those expenses to be reasonably incurred in the future;

d) That he have judgment against Defendants for his bodily injuries and pain and suffering in an amount to be determined by a jury to be adequate and just;

e) That he have a judgment against Defendants for compensatory, general, specific, incidental, economic, non-economic, consequential, punitive and/or other damages permitted by law.

f) That all cost of this action be assessed against Defendants; and

g) That the Court grant such other and further relief as is deemed appropriate.

[*SIGNATURE ON THE FOLLOWING PAGE*]

Respectfully submitted, this <u>30th</u> day of April, 2020.

<u>/s/ David Dozier</u>
David Dozier
Georgia Bar No. 228898
david@dozierlaw.com
*Attorney for Plaintiff*

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441